## PENNINGTON ET AL. VS. WARE & MILLER.

The application to file additional pleas, or amend pleadings, after the return term, is
addressed to the sound discretion of the court; which will not be controlled, unless
there be a palpable abuse.

In no case should a party, upon leave, be permitted to file an insufficient plea.

*Appeal from Bradley Circuit Court.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

YELL, for appellants.

PIKE & CUMMINS, contra.

Mr. Justice WALKER delivered the opinion of the Court.

This case came before us at the January term, 1851, (6 *Eng.*
745,) and it was then held, that the defence set up of a failure of

consideration, was insufficient, and the cause was remanded for further proceedings.

Upon the return of the case to the court below, an amended plea of failure of consideration was filed, to which a demurrer was interposed and sustained. But the demurrer of the plaintiffs to the defendant's third plea, was overruled, and the plaintiffs electing to rest upon their demurrer, judgment was rendered against them upon that plea. From this judgment the plaintiffs appealed; and, on the consideration of the case, (5 *Ark. Rep.*) it was held, that the plea was insufficient; and, consequently, that the Circuit Court erred in overruling the demurrer to it.

The decision of the Circuit Court was reversed, and the cause remanded. When the case came up for hearing, upon the mandate of this court, the defendants moved the court to permit them to file an additional plea, but the Circuit Court denied the defendants permission to file such plea, and thereupon the defendants withdrew the pleas then on file, and final judgment was rendered for plaintiffs; from which the defendants appealed.

The plea, offered to be filed, is made part of the record by bill of exceptions, and upon examination of which, it is found to be substantially, if not literally, the same plea heretofore interposed, and upon demurrer, held to be insufficient.

An application for permission to file additional pleas, or to amend pleadings, after the return term, is addressed to the sound discretion of the court below, and as we have repeatedly held, it is only where there has been a palpable abuse of such discretion, that this court would entertain error to limit or control it. But, in this case, the discretion was properly exercised. In no case should a party, upon leave, be permitted to file an insufficient plea : the tendency would only be to delay the time of the court, and impose additional labor and costs upon the litigants. Let the judgment be affirmed.

Absent, Mr. Justice SCOTT.